JORGE L. SANCHEZ, ESQ.
Nevada Bar No. 10434
**SANCHEZ LAW GROUP, Ltd.**
930 S. Fourth St., Suite 211
Las Vegas, Nevada 89101
Tel: (702) 635-8529
Fax: (702) 537-2800
jsanchez@sanchezlawgroup.net
*Attorney for Debtor*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In Re: SYLVIA TORRES | CASE NO. : 08-25728 |
| Debtor | Chapter 13 |
| Plaintiff, | Kathleen Leavitt |
| vs. | Chapter 13 Trustee |
| AMERICAN SERVICING COMPANY, a Nevada Foreign Corporation; WELLS FARGO BANK, NA; and DOES 1-100; and ROE BUSINESS ENTITIES A-Z, | AP Case Number: |
| Defendants. | |

## COMPLAINT

COMES NOW, Plaintiff SYLVIA TORRES ("TORRES") ("Plaintiff") by and through his attorney of record, JORGE L. SANCHEZ, ESQ., of the Law Firm SANCHEZ LAW GROUP Ltd., and hereby alleges as follows:

### PRELIMINARY STATEMENT

1. This is a complaint to set aside a foreclosure sale pursuant to 11 U.S.C. §§ 362.

### JURISDICTION

2. This Court has jurisdiction over this adversary proceeding pursuant to 11 U.S.C. §§ 523, 727, Bankruptcy Rules 4004, 7001(4), Rule 9024 (incorporating FRCP. 60(b)) and Rule 1015 of the Local Rules of Practice for the United States District Court for the District of Nevada.

3. Plaintiff believes and thereupon alleges that the claims for relief herein are "core" proceedings subject to determination by the Court pursuant to 28 U.S.C. § 157(a), (b)(1) & (b)(2)(B), (I), (J) and (O) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and (b). Venue in this judicial district is appropriate pursuant to 28 U.S.C. § 1409(a).

4. Plaintiff commenced a voluntary petition for relief pursuant to Chapter 13 of the United States Bankruptcy Code, Title 11 of the United States Code, on May 28, 2009.

## PARTIES

5. Plaintiff Sylvia Torres ("Torres") is of majority age and was at all relevant times a resident of the County of Clark, State of Nevada.

6. Upon information and belief, American Servicing Company ("ASC") is formerly a Nevada Foreign Corporation with its principal place of business at 8480 Stagecoach Circle, Fredrick, MD, 21701. ASC is now a wholly owned subsidiary of Wells Fargo Bank NA.

7. Upon information and belief, Wells Fargo Bank, NA ("Wells") is a corporation with its principal place of business located in San Francisco, California and chartered in South Dakota.

8. At all times relevant herein, Defendants designated as DOES 1 through 100 and ROE CORPORATIONS A through Z in their true capacities, whether individual, corporate, associate or otherwise of the Defendants named herein are unknown to Plaintiff who, therefore, sues said Defendants by said fictitious names; Plaintiff is informed and believes and therein alleges that each of the Defendants designated as DOES 1 through 100 and ROE CORPORATIONS A through Z are responsible in some manner for the events and happenings referred to herein, and caused damages proximately to Plaintiff as herein alleged, and Plaintiff will ask leave of this court to amend his Complaint to insert the true names and capacities of DOES 1 through 100 and ROE CORPORATIONS A through Z, when the same have been ascertained and to join such Defendants in this action.

## GENERAL ALLEGATIONS

9. Torres is the Owner of record on the Clark County Assessors Webpage for the residential property located at parcel no. 177-02-416-006, commonly known as 7165 Abbeyville

1  Road, Las Vegas, Nevada 89119, (the "property"), which is located within Clark County, State
2  of Nevada.

3      10.    TORRES entered into a mortgage agreement with ASC on August 16, 2006, see
4  Exhibit A.

5      11.    TORRES filed for protection under Title 11 of the Bankruptcy Code on December
6  31, 2008 with this court. TORRES included the subject property in her plan for reorganization.

7      12.    As of the date of filing the subject property was subject to the automatic stay of
8  bankruptcy. See Exhibit B

9      13.    TORRES filed an amended Chapter 13 plan with this court on March 18, 2009.
10 Therein the TORRES included an amount of $7,350.35 to fund five months of mortgage arrears,
11 including October 2008 to February 2009, See Exhibit C.

12     14.    On or about April 20, 2009, WELLS filed a motion for Relief from Automatic
13 Stay with this court.  Therein WELLS alleged the Debtor had not provided post petition
14 mortgage payments for March and April of 2009. See Exhibit D.

15     18.    On or about June 3, 2009, WELLS received an order from this court lifting the
16 automatic stay of bankruptcy on the subject property. See Exhibit E.

17     19.    On or about June 15, 2009 WELLS recorded notice of default and an application
18 for a foreclosure sale with the Clark County Recorder. See Exhibit F.

19     20.    WELLS by way of motion is attempting to illegally evict TORRES and other
20 occupants residing at the premises.

21     21.    On February 17, 2009, TORRES sent a payment of $1,383.00 to ASC for the
22 aforementioned mortgage payment. See Exhibit G

23     22.    On March 10, 2009, TORRES sent a payment of $1,394.00 to ASC for the
24 aforementioned mortgage payment. See Exhibit H.

25     23.    On April 9, 2009, TORRES sent a payment of $1,394.00 to ASC for the
26 aforementioned mortgage payment. See Exhibit I.

27     24.    WELLS had or should have had actual knowledge that TORRES had made post
28 petition payments.

SANCHEZ LAW GROUP, LTD.
930 S. FOURTH STREET, SUITE 211
LAS VEGAS, NEVADA 89101
(702) 635-8529

**FIRST CAUSE OF ACTION**
**DEFENDANT WELLS HAS WILLFULLY VIOLATED THE AUTOMATIC STAY OF BANKRUPTCY**

25. Plaintiff repeats and realleges the above allegations as though fully contained herein.

26. The Plaintiffs allege that Rule 3001(c) of the Bankruptcy Rules and Paragraph 9 of the Official Proof of Claim form expressly require a party filing a Proof of Claim to attach "all supporting documents." To the extent that no documents are filed in support of these fees, the Plaintiffs allege that the Proof of Claim is fatally defective and such proper inspection and preservation fees are unreasonable per se.

27. Exhibit C attached to the Complaint states that there are prepetition fees of $961.88, post petition payments of $2,785.08 and included in the aggregate amount allegedly owed of $216,000.00. However, there are no supporting documents supporting any of these fees including but not limited to the alleged appraisals. As a result, the Plaintiffs allege that all such fees and charges are unreasonable per se.

28. The Plaintiffs allege that Rule 3001(c) of the Bankruptcy Rules and Paragraph 9 of the Official Proof of Claim form expressly require a party filing a Proof of Claim to attach "all supporting documents." To the extent that no documents are filed in support of these fees, the Plaintiffs allege that the Proof of Claim is fatally defective and the fees and charges are unreasonable per se.

29. The Plaintiffs allege that Rule 3001(c) of the Bankruptcy Rules and Paragraph 9 of the Official Proof of Claim form expressly require a party filing a Proof of Claim to attach "all supporting documents." To the extent that no documents are filed in support of these fees, the Plaintiffs allege that the Proof of Claim is fatally defective and are unreasonable per se. The Plaintiffs also allege that such "property inspection fees" as well as the "broker price opinions fees" are illegal in the Southern District of Nevada pursuant to well-settled case law and Administrative Orders.

30. The Plaintiffs allege that a party seeking to file a claim in any Federal Court "bears the burden of demonstrating standing and must plead its components with specificity."

4

*Coyne v American Tobacco Company*, 183 F.3d 488, 494 (6th Cir. 1999). The minimum constitutional requirements for standing are: proof of injury in fact, causation, and redressability. *Valley Forge Christian College v Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 473 (1982). Furthermore, the Plaintiffs allege that in order to satisfy the requirements of Article III of the United States Constitution, any claimant asserting rights in a Federal Court must show he has personally suffered some actual injury as a result of the conduct of the adverse party. *Coyne*, 183 F.3d at 494; *Valley Forge*, 454 U.S. at 472.

31. The Plaintiff has sustained damages as a result of Defendants willful misconduct.

32. Damages have not been fully ascertained at this time; when the amount of said damages is ascertained, Plaintiff will make and know said damages to this Court and all Defendants.

33. As a direct and proximate result by Defendants as herein alleged, Plaintiff has been damaged and should recover all reasonable damages, fees and costs.

## SECOND CAUSE OF ACTION
## INJUNCTIVE RELIEF AGAINST WELLS

34. Plaintiff repeats and realleges the above allegations as though fully contained herein.

35. Upon information and belief, WELLS is attempting to sell the property to a purported bona fide purchased who may or may not have notice of this controversy.

36. Defendant WELLS should be restrained from subsequently selling the property.

37. Injunctive relief is necessary, in the form of an Order setting aside the sale of the Property, as the foreclosure is unlawful and improper.

38. Plaintiff request this Court grant the Plaintiff's request for injunctive relief and issue an order restraining future sale of the property until such time as discovery can be preformed to document the true facts relating standing whether the purported sale is valid.

## THIRD CAUSE OF ACTION
## SET ASIDE ORDER LIFTING STAY

39. Plaintiff repeats and realleges the above allegations as though fully contained herein.

40. WELLS misused process obtaining an order from this court lifting the automatic stay of bankruptcy.

41. WELLS misused the process of foreclosure by prematurely and without cause filing a notice of foreclosure.

42. WELLS violated the terms and conditions of the note and deed of trust and derived the Plaintiff of his right to reinstate the same.

43. The Plaintiff respectfully prays that this Court sets aside the order lifting the automatic stay of bankruptcy.

44. Plaintiff has been damaged and should recover all reasonable damages, fees and costs.

## ATTORNEY'S FEES

45. It has become necessary for Plaintiff to obtain the services of an attorney in order to prosecute this action and Plaintiff should be awarded reasonable attorney's fees and cost of suit herein.

WHEREFORE it is requested that this Court determine that the automatic stay of bankruptcy be reinstated. As well, the attempted foreclosure sale be and possession of the property be restored to the Plaintiff. And, that Plaintiff be allowed to recover reasonable attorneys fees, and for such other and further relief as the Court deems just and proper and that:

1. That Plaintiff is awarded general damages in an amount yet to be determined;

2. The Plaintiffs have and recover actual and punitive damages in an amount to be determined by this Court;

3. For Injunctive Relief as requested herein;

4. For attorney's fees and cost of suit incurred herein; and

5. For such other and further relief as the Court deems just and proper in the property.

DATED this 29th day of June, 2009.

**SANCHEZ LAW GROUP, LTD.**

By: /s/Jorge L. Sanchez
Jorge L. Sanchez, Esq.
Nevada Bar No. 10434
930 S. Fourth St., Suite 211
Las Vegas, Nevada 89101
*Attorney for Debtor*

SANCHEZ LAW GROUP, LTD.
930 S. FOURTH STREET, SUITE 211
LAS VEGAS, NEVADA 89101
(702) 635-8529

7